# United States Court of Federal Claims

No. 12-683 C
(Filed Under Seal: April 25, 2013)
(Reissued: May 3, 2013)[*]
UNPUBLISHED

---

**MANAGEMENT & TRAINING CORPORATION,**

    *Plaintiff,*

v.

**UNITED STATES OF AMERICA,**

    *Defendant.*

---

## OPINION AND ORDER

***Block, Judge.***

    Before the court is plaintiff's motion to complete and supplement the administrative record (Pl.'s Mot.). Plaintiff seeks to complete or supplement the administrative record with the following:

1. Various documents generated in the course of the procurement, including documents listed in RCFC Appendix C, paragraph 22, *see* Pl.'s Mot. at 13-15;
2. Documents relating to six procurements covered by the instant Request for Information (RFI), as well as documents relating to five procurements covered by another RFI issued the same day as the instant RFI, *see id.* at 15-17;
3. Documents relating to other procurements for operation of Job Corps Centers issued since April 1, 2011, *see id.* at 17-21;
4. Documents relating to a procurement for the Gadsden Job Corps Center, as well as certain documents relating to litigation surrounding that procurement, *see id.* at 21-23;
5. Plaintiff's current contract to operate the Paul Simon Job Corps Center, *see id.* at 23-24;

---

[*] This opinion originally was issued under seal on April 25, 2013. The court afforded the parties an opportunity to propose redactions in the opinion prior to its reissue, but no such redactions were proffered. The opinion is herewith reissued.

6. The Department of Labor's (DOL's) Outcome Management System (OMS) Data for Plan Years 2004-11, as well as DOL's Performance Management System Overview Guide, *see id.* at 24-28;
7. The Rell & Doran Report, *see id.* at 28-32, and
8. Documents relating to the so-called "predicate determination," *see id.* at 32-33.

The court held oral argument on April 18, 2013. For the reasons stated herein, the court will grant plaintiff's motion in part and deny it in part.

In a bid protest, this court determines whether a challenged agency action was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (cited in 28 U.S.C. § 1491(b)(4)). Moreover, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Accordingly, "[t]he task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971)); *see also Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009).

However, the court may, in some circumstances, order "completion" or "supplementation" of the administrative record. First, relevant information that served as the basis for an agency decision or that was generated or considered by the agency during the procurement process may be required to "complete" the administrative record. *See, e.g., Joint Venture of Comint Sys. Corp. v. United States*, 100 Fed. Cl. 159, 167 (2011); *Linc Gov't Servs., LLC v. United States*, 95 Fed. Cl. 155, 158 (2010). Second, even going beyond such "record materials," *see Joint Venture of Comint*, 100 Fed. Cl. at 167, it is proper to "supplement" the administrative record with extra-record evidence the omission of which would "frustrate effective judicial review." *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009) (quoting *Pitts*, 411 U.S. at 142-43); *see also Joint Venture of Comint*, 100 Fed. Cl. at 168; *PlanetSpace, Inc. v. United States*, 90 Fed. Cl. 1, 4 (2009).

Applying these standards, the court considers each set of documents in turn.

First, the court will deny plaintiff's generalized request for "core documents" and other procurement documents. After oral argument, the court ordered defendant to review its records and determine whether any documents listed in RCFC Appendix C and relevant to the set-aside decision have been omitted from the administrative record. *See Management & Training Corp. v. United States*, 12-683C, ECF Dkt. 50 (Fed. Cl. Apr. 18, 2013) (scheduling order). Defendant then filed a Notice of Compliance, claiming that it reviewed its records and that there are no additional documents. *See Management & Training Corp. v. United States*, 12-683C, ECF Dkt. 51 (Fed. Cl. Apr. 22, 2013) (notice of compliance). Given the presumption that government officials conduct their duties in good faith, *see Savantage Financial Servs., Inc. v. United States*, 595 F.3d 1282, 1288 (Fed. Cir. 2010), the court accepts that representation. As for other documents plaintiff requests, plaintiff has either failed to demonstrate that such documents exist,

Case 1:12-cv-00683-LB   Document 54   Filed 05/03/13   Page 3 of 5

or failed adequately to explain their relevance to plaintiff's challenge of the set-aside decision, or both.[1]

Second, plaintiff's request for completion or supplementation of the administrative record with documents relating to other procurements covered by the instant RFI and its companion RFI, Pl.'s Mot. at 15-17, sweeps too broadly. Plaintiff argues that these documents are needed to enable judicial review of plaintiff's claim that the contracting officer's Rule of Two determination was arbitrary and capricious[2] for failing to consider the ability of small businesses to operate the Paul Simon Job Corps Center while operating multiple Job Corps Centers concurrently. *Id.* But if the three small businesses deemed "responsible" here were not awarded any of these other contracts, then these procurements are irrelevant to the possibility of having to operate the Paul Simon Job Corps Center concurrently with other Job Corps Centers. Of course, the reverse is also true: if the small businesses were awarded other contracts, that would be relevant to the possibility of their having to operate multiple Job Corps Centers concurrently. Thus, administrative record should include any award notices reflecting that the three small businesses deemed "responsible" here had, on the date of the Paul Simon Job Corps Center set-aside decision, been awarded contracts in these other procurements.

Third, the same principle applies with respect to documents relating to other procurements conducted since April 1, 2011. These procurements are only important to this case if they show that a small business awardee of the Paul Simon Job Corps Center procurement would have to operate multiple Job Corps Centers. Two of the proffered documents—award notices for the New Orleans and Phoenix Job Corps Centers—show that two of the three small businesses deemed responsible here had been awarded other contracts before the date of the Paul Simon set-aside decision. For the reasons just given, these documents should be included in the administrative record.

Fourth, the Gadsden Job Corps Center documents are irrelevant to this procurement. Contrary to plaintiff's argument, *id.* at 22, they are not "core documents" necessary to complete the administrative record under RCFC Appendix C, paragraph 22(u), which covers "the record of any previous administrative or judicial proceedings relating to the procurement." Paragraph 22(u), covers the records of previous administrative or judicial proceedings concerning the procurement being challenged here. It plainly does not cover the records of proceedings concerning entirely different procurements merely because those procurements involved similar issues. Moreover, although plaintiff argues that these documents show that defendant changed the "capability" criteria by which it measured small business responsibility in response to the

---

[1] For instance, plaintiff points to an email in the administrative record that quotes a Vernetta Veney, and plaintiff complains that the administrative record does not adequately explain who Ms. Veney is or what her role is in the procurement. Pl.'s Reply in Support of Motion to Complete/Supplement at 8. Plaintiff seems to think that the administrative record must contain biographical information or a job description of any person mentioned in any email in the administrative record. No authority supports that view.

[2] The Rule of Two requires that before setting aside a procurement for small business competition, a contracting officer must first have a "reasonable expectation" that at least two "responsible" small businesses will bid. FAR 19.502-2(b).

Gadsden litigation, Pl.'s Mot. at 23, this is irrelevant to whether the capability criteria in this case were valid and reasonably applied.  Because this court does not complete or supplement the administrative record with materials that are not germane to any issue properly before it, *see, e.g.*, *Science Applications Intern. Corp. v. United States*, 102 Fed. Cl. 644, 649 (2011), there is no basis for ordering completion or supplement of the administrative record with these materials.

Fifth, plaintiff's current contract to operate the Paul Simon Job Corps Center has no apparent relevance to this litigation.  Although plaintiff argues that this contract is needed to show irreparable injury and to enable the court to understand various aspects of contracts for operation of Job Corps Centers, Pl.'s Mot. at 23-24, plaintiff does not explain *how* its current contract shows irreparable injury or *what* relevance the terms of plaintiff's current contract has on the ability of small businesses to perform the contract for which they are competing.  Accordingly, the court will not order completion or supplementation of the administrative record with this contract.

Sixth, even assuming the OMS data and DOL manual show that one or more of the three small business concerns deemed "responsible" performed worse than other contractors in given instances, they are not necessary for completing or supplementing the administrative record.  The agency did not consider the data in making its set-aside decision.  *See Science Applications Intern. Corp.*, 102 Fed. Cl. at 649 ("A complete [administrative record] must comprise the material considered by the [a]gency . . . not material not considered.").  Moreover, because the responsibility determination is a "business judgment" that need not be made according to any particular method, *MCS Mgmt., Inc. v. United States*, 48 Fed. Cl. 506, 511 (2001); *Matter of: Delex Sys., Inc.*, B-400403, 2008 C.P.D. ¶ 181, 2008 WL 4570635, at *8 (Comp. Gen. Oct. 8, 2008), the contracting officer was under no legal requirement to assess the responsibility of these small business concerns in light of how their past performance measures up relative to other concerns.  The proffered data is therefore irrelevant, even assuming it shows what plaintiff claims.

Seventh, the Rell & Doran is irrelevant to any issue before the court.  Co-authored by the former president of a large business Job Corps Center operator and the former head of the Job Corps Center program, the report purports to show that small businesses are generally worse at operating Job Corps Centers than large businesses.  Although Judge Williams ordered the government to supplement the administrative record with this report (as well as the OMS data) in related case, *see Adams & Associates, Inc. v. United States*, No. 12-409C, ECF Dkt. 56, at *1 (Fed. Cl. Sept. 11, 2012) (order), the court does not believe the same course of action is warranted here.  Not only was the report produced outside the agency and not considered in this procurement, but is irrelevant to this bid protest given that the issue before the court is not whether small businesses *in general* are *better or worse* than large businesses *in general* at operating Job Corps Centers, but whether the contracting officer acted arbitrarily and capriciously in finding the three small businesses at issue "responsible."

Eighth, and finally, defendant should complete the administrative record with whatever documents it has relating to the "fair proportion" or "predicate" determination.  The parties disagree as to whether the contracting officer was, in fact, required to make such a "predicate determination."  The court is not yet prepared to determine the merits of that particular dispute, as the court has not yet held oral argument on the merits of the parties' cross-motions for judgment on the administrative record.  Accordingly, like Judge Bruggink, *see Adams &*

*Associates, Inc. v. United States*, 12-731C, ECF Dkt. 42, at *38-39 (Fed. Cl. Dec. 11, 2012) (transcript of hearing held Dec. 3, 2012); *Dynamic Educ. Sys., Inc. v. United States*, No. 12-730C, ECF Dkt. 62, at *6 (Fed. Cl. Dec. 18, 2012) (transcript of hearing held Dec. 14, 2012), the court will order defendant to complete the administrative record with whatever documents it has relating to the "fair proportion" determination. That way, whatever the court ultimately decides about the merits, all documents necessary for the court's review will be in the administrative record.

In summary, it is ORDERED that defendant shall complete or supplement the administrative record with (1) any award notices from procurements covered by the instant RFI and its companion RFI that show that any of the three small businesses deemed "responsible" here were also awarded other procurements, (2) the award notices for procurements conducted since April 1, 2011 for the New Orleans and Phoenix Job Corps Centers, which notices are attached to plaintiff's motion, and (3) whatever documents defendant may have which relate to the "fair proportion" determination. The court will not order completion or supplementation of the administrative record with any other documents. Accordingly, plaintiff's MOTION is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

*s/ Lawrence J. Block*

Lawrence J. Block
Judge